FILED 09 JAN 22 AM 11:55 U.S. DISTRICT COURT N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| CARLA McLAIN, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NUMBER |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| FIRST SOURCE ADVANTAGE, ) | CV-09-P-0124-S |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT

This is an action brought by the Plaintiff, Carla McLain f/k/a Carla Stewart, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

### PARTIES

1. The Plaintiff, Carla McLain f/k/a Carla Stewart ("McLain" or "Plaintiff"), is a resident and citizen of the state of Alabama, Shelby County, and is over the age of twenty-one (21) years.

2. The Defendant, FirstSource Advantage, LLC ("Defendant") is a New York company

with its principal place of business in the state of New York. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Shelby County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

3.      In the Fall of 2008, the Defendant began an attempt to collect a debt allegedly owed by the Plaintiff that, according to Defendant, was in regards to a delinquent credit card bill that belonged to the Plaintiff. The alleged card was used for charges related to personal, family, or household purposes.

### *Failure to Provide Required Disclosures*

4.      On numerous occasions, agents/employees of Defendant have called and left communications (messages) on Plaintiff's home answering machine. The communications failed to disclose that the call was "from a debt collector" and was "an attempt to collect a debt," and that "any information obtained would be used for that purpose."

### *Illegal Communications with Third Parties*

5.      On at least 4 occasions, Defendant has called the Plaintiff's mother, Gayle Stewart, for purposes other than attempting to obtain location information, and discussed Plaintiff's alleged debt with her.

### *Harassment, Threats, and Indicating a False Sense of Urgency*

6.      In December 2008, Plaintiff called the number that was left on the messages and spoke with an agent/employee of Defendant.

7.      The agent/employee and Plaintiff discussed the alleged debt and alternatives to settling the alleged debt, but Plaintiff was unable to agree to any of the terms offered by the

agent/employee. The agent/employee insisted that Plaintiff had to make a decision "today."

8. Plaintiff asked the agent/employee what the next step would be and he replied that "since it was in pre-legal, it would go to an attorney's office for potential wage garnishment."

9. To date, no lawsuit has been filed against the Plaintiff in regards to this debt. Further, upon information and belief, there is no attorney in Defendant's office that is licensed to practice law in Alabama. Therefore, Defendant had neither the intent or ability to sue the Plaintiff.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

10. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

11. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

12. The Defendant used false representations and/or deceptive means to attempt to collect a debt in violation of §§1692e(4), (5), (10) and (11).

13. The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

14. The Defendant violated §1692d by using harassment and abusive means in attempting to collect a debt.

15. The Defendant violated §§ 1692b(1), (2), and (3) by making illegal third party contacts.

16. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer

damages.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

17. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

18. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

19. The Defendant knew or should have known that said conduct was improper.

20. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

21. The Defendant negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

22. As a result of the Defendant's negligence, the Plaintiff was caused to suffer damages.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

23. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

24. The Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

25. The Defendant knew or should have known that the said conduct was improper and illegal.

26. The Defendant recklessly and wantonly failed to train and supervise collectors in

order to prevent said improper illegal conduct.

27.     The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

28.     As a result of the Defendant's recklessness and wantonness, the Plaintiff was caused to suffer damages.

## COUNT FOUR
## INVASION OF PRIVACY

29.     The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

30.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

31.     The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

32.     Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of Defendant.

33.     Said communications constitute the wrongful intrusion into his solitude and seclusion.

34. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

### *Respondeat Superior Liability*

35. The acts and omissions of the agents/employees of Defendant who communicated with Plaintiff and others were committed within the time and space limits of their agency relationship with their principal, Defendant Moreno and Woods, LLC.

36. The acts and omissions by the agents/employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

37. By committing these acts and omissions against Plaintiff, the agents/employees were motivated to benefit their principal, the Defendant.

38. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its agents/employees, including but not limited to violations of the FDCPA, in their attempts to collect this alleged debt from Plaintiff.

### **AMOUNT OF DAMAGES DEMANDED**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment against the defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Statutory damages of $1,000, actual damages, and costs and reasonable attorney fees from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);

  C. Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, Reckless and Wanton Training and Supervision, and Invasion of Privacy and,

  D. Such other relief that this Court deems just and proper.

### PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

_____
W. Whitney Seals
ASB 8890-W81S
Pate & Cochrun, LLP
P.O. Box 10448
Birmingham, AL 35202-0448
Phone (205) 323-3900

_____
Michael W. Lindsey
ASB 4328-A63L
Lindsey Law Firm, LLC
One Perimeter Park Dr., Ste 330 N
Birmingham, AL 35243
Phone: (205) 970-2233